UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

        - against -

CKB168 HOLDINGS LTD., WIN168 BIZ SOLUTIONS
LTD., CKB168 LTD., CKB168 BIZ SOLUTION, INC.,
CYBER KIDS BEST EDUCATION LTD., RAYLA
MELCHER SANTOS, HUNG WAI ("HOWARD")
SHERN, RUI LING ("FLORENCE") LEUNG, DALIANG
("DAVID") GUO, YAO LIN, CHIH HSUAN "KIKI" LIN,
WEN CHEN HWANG (AKA "WENDY LEE"), TONI
TONG CHEN, CHEONGWHA "HEYWOOD" CHANG,
JOAN CONGYI MA (AKA"JC MA"), AND HEIDI
MAO LIU (AKA "HEIDI MAO"),

        Defendants,

        - and -

ROSANNA LS INC., USA TRADE GROUP, INC.,
OUNI INTERNATIONAL TRADING INC., E STOCK
CLUB CORP., EZ STOCK CLUB CORP., HTC
CONSULTING LLC, AND ARCADIA BUSINESS
CONSULTING, INC.,

        Relief Defendants.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
13-CV-5584 (RRM) (RLM)

ROSLYNN R. MAUSKOPF, United States District Judge:

      On October 9, 2013, the Securities and Exchange Commission (SEC) commenced the instant action, alleging, in essence, that the company known as "CKB" is a fraudulent pyramid scheme crafted and/or promoted by defendants. (*See* Compl. (Doc. No. 1).) Currently before the Court is the request of *pro se* third-party John R. Dirnberger for leave to intervene pursuant to Fed. R. Civ. P. 24(a) and (b). (*See* Doc. Nos. 146–47, 153.) For the reasons discussed below, the request is denied.

**BACKGROUND**

In the complaint, the SEC asserts causes of action against (1) all defendants for violating Sections 5(a), 5(c), 17(a)(1), and 17(a)(3) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77e(a), (c), 77q(a); Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b) ("Section 10(b)"); and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5 ("Rule 10b-5"); (2) defendants WIN168 Biz Solutions, Ltd., Hung Wai (Howard) Shern and the so-called "CKB Promoters"[1] for violating Section 17(a)(2) of the Securities Act, 15 U.S.C. § 77q(a); Section 10(b); and Rule 10b-5; and (3) defendants Shern and the CKB Promoters for violating Section 15(a)(1) of the Exchange Act, 15 U.S.C. § 78o(a)(1).

On October 9, 2013, the Court issued an order temporarily restraining defendants' assets, prohibiting violations of the securities laws, granting the SEC expedited discovery, and scheduling a preliminary injunction hearing. By November 19, 2013, the various defendants agreed to entry of a preliminary injunction. (*See* Doc. Nos. 12, 30, 69–70, 76, 89, 136, 142.)

On July 8, 2014, Dirnberger, a retired accountant, filed his request for leave to intervene, which the SEC opposes. Dirnberger asserts that he is an "uncomplaining investor in CKB168 (CKB), surely in the majority group of CKB investors, whose financial interests are being totally disregarded by the SEC," and "included in a class of individuals that has a material interest in this civil action." (Doc. No. 146 at 1.) While conceding that the SEC has, in the instant case, "correctly taken action to halt" "misleading claims made by eight of the named defendants" concerning how so-called "Profit Reward Points" ("Prpts") would relate to share growth, he argues that "surgical" proceedings against these individuals would be sufficient. (*Id*. at 1–2.) To support this argument, Dirnberger asserts that, contrary to the SEC's understanding, CKB awards

---

[1] In the complaint, the SEC defines the alleged "CKB Promoters" collectively as defendants Daliang (David) Guo, Yao Lin, Chi Hsuan (Kiki) Lin ("Kiki Lin"), Wen Chen Hwang ("Wendy Lee"), Toni Tong Chen, Cheongwha (Heywood) Chang ("Heywood Chang"), Joan Congyi Ma ("JC Ma"), and Heidi Mao Liu ("Heidi Mao").

shares based on investment amount (that is, share growth does not follow Prpt growth), "all CKB investors are basically treated equitably," and CKB is actually producing socially valuable education programs. (*Id*.) Dirnberger believes that the SEC "HAS FAILED TO PROTECT AND HAS DAMAGED THE INTERESTS OF THE MAIN INVESTOR GROUP," to which he belongs as a "passive investor" who did not recruit others into CKB. (*Id*. (capitalization in original).) Dirnberger seeks to intervene so that he may represent the passive investors and present this information to the Court. He also asks the Court to (1) conduct certain online research and (2) order the SEC to strike certain allegations from the complaint and retract certain public statements.

## DISCUSSION

### I. Standard of Review

To intervene as of right under Fed. R. Civ. P. 24(a), "the applicant must (1) file a timely motion; (2) claim an interest relating to the property or transaction that is the subject of the action; (3) be so situated that without intervention the disposition of the action may impair that interest; and (4) show that the interest is not already adequately represented by existing parties." *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 176 (2d Cir. 2001). "Failure to satisfy any one of these requirements is a sufficient ground to deny the application." *Security Pacific Mortg. and Real Estate Servs., Inc. v. Republic of Philippines*, 962 F.2d 204, 208 (2d Cir. 1992) (internal quotation marks omitted). The movant's interest in the case must be "direct, substantial, and legally protectable." *United States v. Peoples Benefit Life Ins. Co.*, 271 F.3d 411, 415 (2d Cir. 2001) (internal quotation marks omitted). "An interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of

events before it becomes colorable, will not satisfy the rule." *Washington Elec. Corp., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990).

Alternatively, to intervene with the Court's permission under Fed. R. Civ. P. 24(b), the applicant must, in relevant part, (1) file a timely motion[2] and (2) "ha[ve] a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). Pursuant to the rule, "[i]n exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Id.*; *see SEC v. Bear Stearns & Co. Inc.*, Nos. 03 CV 2937–2945, 2003 WL 22000320, at *2 (S.D.N.Y. Aug. 25, 2003) ("Put another way, permissive intervention will not be granted, even where there is a strong commonality of fact or law, where such intervention would cause undue delay, complexity or confusion in a case."). "Concerns about undue delay and complication resulting from permissive intervention are acute where the Government, and particularly the SEC, is a party to the underlying action." *Bear Stearns & Co.*, 2003 WL 22000320, at *3. "The reason is that the SEC, in its role as *parens [ ] patriae*, is presumed to represent the interests of the investing public aggressively and adequately. Reflexive intervention by the public in SEC actions would undermine both the SEC's ability to resolve cases by consent decree and the efficient management of those cases by courts." *Id.* (collecting cases). A court should also consider factors including "the nature and extent of the intervenor['s] interests, the degree to which those interests are adequately represented by other parties, and whether [the] part[y] seeking intervention will significantly contribute to [the] full development of the underlying

---

[2] A court has discretion to evaluate the timeliness of a request to intervene in light of "all the circumstances," including "(1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness." *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994).

4

factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *SEC v. Callahan*, No. 12 CV 1065, 2014 WL 860041, at *7 (E.D.N.Y. Mar. 5, 2014) (internal quotation marks omitted). "The test is flexible and courts generally look at all of the factors rather than focusing narrowly on any one of the criteria." *Mass. Bricklayers and Mason Funds v. Deutsche Alt–A Secs.*, 273 F.R.D. 363, 365 (E.D.N.Y. 2011).

In considering a motion to intervene, the court must accept non-conclusory allegations as true but need not consider facially frivolous allegations. *See Callahan*, 2014 WL 860041, at *8. Further, the movant bears the burden to demonstrate his right to intervene. *See id.* Finally, pursuant to Fed. R. Civ. P. 24(c), a motion to intervene must "state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c).

## II. Intervention Is Denied

Dirnberger's request is procedurally and substantively defective. As a threshold matter, the request is not timely. The SEC asserts, and Dirnberger does not deny, that he had notice of the instant lawsuit by November 2, 2013 (and possibly sooner), when he sent an e-mail to the SEC arguing that CKB was legitimate. *See In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 198 (2d Cir. 2000) (affirming denial of leave to intervene where "[a]ppellants had been on notice of their arguable interest in this litigation for at least eight months"). Permitting Dirnberger to intervene at this stage would delay both discovery, which has been underway for several months, and the pending settlement negotiations between the parties. *See Bear Stearns & Co.*, 2003 WL 22000320, at *3. Moreover, Dirnberger neither argues nor demonstrates that denying his request would prejudice him. *See Ricci v. DeStefano*, No. 04 CV 1109, 2010 WL 9113871, at *6 (D. Conn. May 12, 2010) (quoting *United States v. Yonkers Bd. of Educ.*, 801 F.2d 593, 595 (2d Cir.

1986)) (stating that an applicant for intervention "cannot rely on prejudice that would result from being unable to intervene if the prejudice would 'be attributed to his own failure to seek intervention when [he] first had reason to become aware that [the matter] would be considered by the court'"). Accordingly, the Court finds that the application is untimely, which alone warrants denying it under Rule 24(a) and (b). *See Callahan*, 2014 WL 860041, at *10 (denying request to intervene solely because application was untimely). Also fatal under Rule 24(a) and (b) is Dirnberger's failure to submit a "pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c); *see Bear Stearns & Co*, 2003 WL 22000340, at *4 n.3; *In re Bank of Am. Corp. Secs., Derivative, and ERISA Litig.*, No. 09 MD 2058, 2012 WL 1674299, at *2 (S.D.N.Y. May 14, 2012).[3] These procedural defects warrant denying the application to intervene.

The application also fails on substantive grounds. Dirnberger does not show that his status as an investor is a "direct, substantial" and legally protectable interest in this case. *Butler, Fitzgerald & Potter*, 250 F.3d at 176. Rather, as the SEC notes, his interest in this case is contingent upon a sequence of events and issues including a disposition on the merits, establishment of a fair fund and/or receivership, and the amount of recoverable assets. *See, e.g., Washington Elec. Co-op., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990) (rejecting application to intervene because purported interest was "doubly contingent"). Moreover, Dirnberger fails to "show that the interest is not already adequately

---

[3] The SEC also argues, despite case law in the Second Circuit to the contrary, that the Court should bar Dirnberger's request because courts outside this Circuit have found that Section 21(g) of the Exchange Act bars *consolidating or coordinating* a private action with an SEC enforcement proceeding when the SEC does not consent. *See* Doc. No. 147 at 2 n.2; 15 U.S.C. § 78u(g) ("[N]o action for equitable relief instituted by the [SEC] pursuant to the securities laws shall be consolidated or coordinated with other actions not brought by the [SEC], even though such other actions may involve common questions of fact, unless such consolidation is consented to by the [SEC].") The Court rejects this argument in light of the authority in this Circuit to the contrary. *See, e.g., Callahan*, 2014 WL 860041, at *9 ("[T]here is no persuasive authority which suggests that section 21(g) . . . bars intervention in all SEC enforcement actions.") (internal quotation marks omitted). In any event, the motion fails under Rule 24.

represented by existing parties." *Butler, Fitzgerald & Potter*, 250 F.3d at 176. To the extent Dirnberger wishes to persuade the Court that CKB is a legitimate company, that interest is "adequately represented" by the defendants, who have every interest in contesting the allegations against them. *Id*. Those defendants, moreover, have numerous attorneys representing them, whose effectiveness Dirnberger does not question. And to the extent Dirnberger wishes to represent innocent investors in CKB, the SEC is pursuing their recovery. *See SEC v. Byers*, No. 08 CV 7104, 2008 WL 5102017, at *1 (S.D.N.Y. Nov. 25, 2008) (denying motion to intervene in SEC enforcement action, reasoning that SEC brought the action to "address the alleged fraud perpetrated by defendants and to recover defendants' assets and the proceeds of their purported scheme for the benefit of defrauded investors and creditors . . . . it is in all their interests to maximize the value of the assets under the receivership"). Dirnberger does not demonstrate how he would aid in either of these endeavors. In fact, as stated above, his intervention would likely hinder their efficient resolution. These substantive defects warrant denying the application under Rule 24(a) and (b). *See Callahan*, 2014 WL 860041, at *7.

For all of the foregoing reasons, the motion to intervene is denied.

## CONCLUSION

Dirnberger's request to intervene is denied. (Doc. Nos. 146−147, 153.) The Clerk of Court is directed to mail a copy of this Memorandum and Order to Dirnberger at: 614 Via Espiritu, San Clemente, CA 92672, and note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken

in good faith, and therefore, *in forma pauperis* status is denied for the purpose of any appeal.

*See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
   September 30, 2014

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge