```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SECURITIES AND EXCHANGE
COMMISSION,

                    Plaintiff,
                                                    ORDER ADOPTING IN PART
                                                    REPORT AND RECOMMENDATION
          - against -                               13-CV-5584 (RRM) (RLM)

CKB168 HOLDINGS, LTD., et al.,

                    Defendants.
------------------------------------------------------------------X
```
ROSLYNN R. MAUSKOPF, United States District Judge.

Before the Court is the Report and Recommendation of Magistrate Judge Roanne L. Mann, (the "R&R"), which recommends that the Court grant two sanctions motions filed by the Securities and Exchange Commission (the "SEC"), which seek (1) an order precluding defendants Hung Wai Shern and Rui Ling Leung from offering testimony, affidavits, or declarations in connection with a dispositive motion or trial; and (2) an adverse inference instruction against defendants CKB168 Holdings Ltd., WIN168 Biz Solutions Ltd., CKB168 Ltd., CKB168 Biz Solutions Inc., and Cyber Kids Best Education Ltd. (together, "Foreign Defendants").  For the reasons that follow, the R&R is adopted as to the sanction precluding defendants Shern and Leung from offering testimony, affidavits or declarations in connection with a dispositive motion or trial.  That portion of the Report and Recommendation that recommends an adverse inference instruction against the Foreign Defendants is referred back to Magistrate Judge Mann for further consideration consistent with this Order.

# BACKGROUND[1]

By letter motion filed November 7, 2014, the SEC moved before Magistrate Judge Roanne L. Mann for sanctions against defendants Hung Wai Shern and Rui Ling Leung for refusing to appear at their depositions in the above-captioned matter. (Maher Letter, Nov. 7, 2014 (Doc. No. 193).) In defiance of several orders from Magistrate Judge Mann, Shern and Leung refused to attend either their depositions or a settlement conference, eventually claiming that they had been advised by foreign counsel not to leave Hong Kong without permission of local authorities, which the local authorities had not granted. (R&R at 2–4.) Magistrate Judge Mann directed Shern and Leung to submit sworn statements substantiating these claims. (*Id.* at 3–4.) Citing advice from counsel in Hong Kong, they informed the court that they would not comply with this directive. (*Id.* at 4.) Discovery closed on December 19, 2014 without Shern or Leung having testified or requested any extensions. (*Id.*) The SEC's motion sought an order precluding Shern and Leung from offering testimony, affidavits, or declarations in connection with a dispositive motion or trial. (*Id.*)

In a second letter motion filed December 3, 2014, the SEC sought sanctions against the Foreign Defendants for failure to produce the bulk of their corporate records as ordered during discovery. (Maher Letter, Dec. 3, 2014 (Doc. No. 201).) The SEC's motion sought an adverse inference regarding the unproduced evidence. (*Id.*) The SEC's motion centered on a damaged hard drive produced by Foreign Defendants and containing what the Foreign Defendants referred to as "back office data" and a "complete image of all information on the corporate server." (*See* R&R at 5.) As of the time that Magistrate Judge Mann issued her R&R, the SEC was unable to access the information on the drive in any usable format. (*Id.*) The Foreign Defendants claimed that they had contracted with a third-party vendor to recover the drive's contents, but needed the preliminary

---

[1] The Court assumes familiarity with the contents of Magistrate Judge Mann's R&R and prior rulings in this case.

injunction freezing their assets modified to release the necessary funds to pay the vendor. (*Id.*) The Foreign Defendants never filed a petition requesting such a modification. (*Id.*) Magistrate Judge Mann ultimately directed the Foreign Defendants to provide sworn statements describing the contents of the hard drive and detailing their efforts to recover the records. (*Id.* at 5–6.) The Foreign Defendants informed the court that they "declined" to comply with the directive. (*Id.* at 6.)

On January 7, 2015, Magistrate Judge Mann issued her R&R recommending that the Court grant both of the SEC's motions. (R&R (Doc. No. 214).) The R&R recommended that the Court preclude Shern and Leung from providing their testimony in any form in connection with a dispositive motion or at trial and, should this action proceed to trial, that the Court instruct jurors that they are entitled, but not required, to draw adverse inferences from the absence of corporate records that (1) Foreign Defendants had not made any plan or preparations to go public, and (2) Foreign Defendants relied on sales to investors for "virtually all" of their revenues. (*Id.* at 17, 23.) Magistrate Judge Mann reminded the parties that any objections to the R&R were due by January 26, 2015. (*Id.* at 24.) To date, no party has filed any objection.

Following the issuance of Magistrate Judge Mann's R&R, however, the SEC informed the Court that FBI information technology specialists were able to successfully recover the data on the hard drive. (Maher Letter, Feb. 2, 2015 (Doc. No. 215).) The SEC advised that while they were able to recover "a substantial volume of relevant information," the drive did not contain other requested discovery, including (1) communications between Foreign Defendants' personnel and officers or between foreign defendant and third parties, including investors; (2) information indicating how Foreign Defendants directed or spent its revenues; or (3) material suggesting whether defendants took steps to explore a public offering. (*Id.* at 2.) Additionally, the SEC maintains that the data confirms that the alleged scheme generated significantly more revenue than had previously been disclosed, recorded in increments that the SEC contends are consistent with

3

Foreign Defendants having generated the revenue from investors. (*See id.* at 1 ("Each entry appears to be in increments equal to the cost of CKB 'business packs.'"); Compl. (Doc. No. 1) at ¶ 59 ("To become a CKB investor, an individual must purchase one or more 'business packs.'").)

In light of the SEC's eventual success in accessing information on the hard drive, the Court directed the SEC to file a letter informing the Court as to whether any of the issues raised in the R&R had become moot. (Minute Entry, July 9, 2015.) On July 17, 2015, the SEC responded to the order, urging the court to adopt the R&R notwithstanding subsequent developments. (Maher Letter, July 17, 2015 (Doc. No. 256).) Defendants Shern and Leung were directed to file any response by July 24, 2015. (Minute Entry, July 9, 2015.) That deadline has passed and neither has filed a response.

## DISCUSSION

When no party files an objection to a Report and Recommendation, the district court "need only satisfy itself that that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609–10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). Magistrate Judge Mann's recommendation that Shern and Leung be precluded from providing their testimony in any form in connection with a dispositive motion or at trial did not rely in any way on the unavailability of the data contained on the hard drive. Thus, this Court has reviewed that recommendation for clear error and, finding none, adopts that portion of the R&R. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72; *see also Covey v. Simonton*, 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007).

However, the subsequent recovery of the back office data may impact both the factual and legal underpinnings of Magistrate Judge Mann's recommendation to impose an adverse inference sanction. Indeed here, data once believed to have been destroyed or corrupted is now readily available, data that the SEC acknowledges is "substantial, revealing, and highly relevant." (Maher

4

Letter, July 17, 2015 (Doc. No. 256 at 2).) However, the SEC has also raised valid arguments as to why an adverse inference instruction is still warranted, including the fact that other discoverable evidence still has not been produced, as well as the prejudice it has suffered by the delay in accessing the back of data well after the close of discovery. (*Id.* at 2-3.) While it is clear that an adverse inference instruction may be appropriate both in cases of actual spoliation as well as in cases of non-production, see *Residential Funding Corp. v. DeGeorge Funding Corp.*, 306 F.3d 99, 106-07 (2d Cir. 2002), the balance of factors applicable to both situations, including any prejudice to the SEC, may be different. Magistrate Judge Mann should consider these issues the first instance and determine whether they impact her recommendation to give an adverse inference instruction.

## CONCLUSION

For the reasons stated herein, the Report and Recommendation of Magistrate Judge Mann is adopted in part. As such, it is hereby ORDERED that defendants Hung Wai Shern and Rui Ling Leung are precluded from offering testimony, affidavits or declarations in connection with a dispositive motion or trial. That portion of the Report and Recommendation that recommends an adverse inference instruction against the Foreign Defendants is referred back to Magistrate Judge Mann for further consideration consistent with this Order.

The SEC shall mail a copy of this Order to the Foreign Defendants and defendants Shern and Leung, and file a letter on the docket indicating compliance with this Order.

SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York
      August 12, 2015

_____
ROSLYNN R. MAUSKOPF
United States District Judge