UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

        - against -

CKB168 HOLDINGS, LTD., et al.,

                Defendants.
-------------------------------------------------------------------X

MEMORANDUM AND ORDER
13-CV-5584 (RRM) (RLM)

ROSLYNN R. MAUSKOPF, United States District Judge.

      Presently before the Court are two motions to stay the above captioned action pending

completion of a related criminal case against defendants Heywood Chang, Toni Chen, David

Guo, Wendy Lee, and Kiki Lin ("defendants").[1]  (Am. Mot. Stay (Doc. No. 275); Letter Mot.

Stay (Doc. No. 277).)  Plaintiff Securities and Exchange Commission ("SEC") opposes the

motions.  (Am. Resp. Opp. (Doc. No. 280); Resp. Opp. (Doc. No. 282).)  For the reasons set

forth below, defendants' motions for a stay pending resolution of the criminal cases are denied.

However, the court will modify the pending summary judgement briefing schedule as set forth

herein.

## BACKGROUND

      On October 9, 2013, the SEC initiated this civil proceeding against defendants for their

alleged involvement in an international pyramid scheme in violation of the Securities Act of

1993 and the Securities Exchange Act of 1934.  The SEC alleges that through defendants'

participation in several entities, known collectively as "CKB," hundreds of investors in several

countries were defrauded out of millions of dollars.  According to SEC allegations, defendants

---

[1] Defendants Howard Shern and Florence Leung, also named in this action, have not sought a stay and have already filed their oppositions to the SEC's summary judgment motion.  By separate order entered today, motion practice will continue as to these defendants on the schedule previously fixed.

attempted to pass CKB off as a legitimate multi-level marketing company when it was an overt pyramid scheme; investors, or Online Marketing Angels ("OMAs"), purchased business packs and subscribed to a compensation plan where they received payment solely for recruiting more OMAs, rather than for completing retail sales.  (SEC April 15, 2015 Letter (Doc. No. 239) at 2.)

This action was initiated over two years ago, discovery has been completed,[2] and the SEC has served its motion for summary judgment on all claims against all remaining defendants.  Specifically, fact discovery concluded on December 19, 2014; expert discovery concluded on April 14, 2015; and the SEC served its motion for summary judgment on August 14, 2015.

Plaintiff alleges that, for almost the entire duration of this case, defendants have been aware that they were subjects of a criminal investigation regarding the same facts that underlie this civil action.  (Am. Resp. Opp. at 1.)  Indeed, Judge Mann pointed out that the parties openly discussed the existence of a separate criminal investigation at the initial conference on January 16, 2014.  (Mem. & Order (Doc. No. 179) at 9.)

On September 9 and 23, 2014, defendants first moved for a stay of discovery and a protective order due to concerns about their Fifth Amendment privilege against self-incrimination before being indicted.  (Def. Sept. 9, 2014 Mot. (Doc. No. 164); Def. Sept. 23, 2014 Opp. (Doc. No. 171).)  While the motions were denied, Judge Mann instructed defendants that they "remain[ed] free to assert their Fifth Amendment privilege in response to discovery requests . . . ."  (Mem. & Order at 18.)  Nevertheless, defendants did not raise their Fifth Amendment privilege at their depositions.

In August 2015, defendants were arrested and a grand jury indictment was filed in the Central District of California.  Shortly thereafter, the instant motions were filed.  Though the

---

[2] Defendant Heidi Mao has raised a new discovery issue in a very recent letter to the Court. (*See* Doc. No. 305). Adjusting the briefing schedule as discussed below will accommodate those concerns.

criminal trial was originally scheduled for October 2015, defendants have informed the Court

that the prosecution is moving to adjourn the trial until March 2016.

## DISCUSSION

Courts have the discretionary authority to stay a case where the interests of justice so

require. *Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986). The Second Circuit has

characterized the granting of a stay in a civil proceeding pending resolution of a related criminal

matter as an extraordinary remedy. *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97

(2d Cir. 2012). In determining whether justice so requires such an extraordinary remedy, courts

in this Circuit look to six factors:

> 1) the extent to which the issues in the criminal case overlap with those presented
> in the civil case; 2) the status of the case, including whether the defendants have
> been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously
> weighed against the prejudice to plaintiffs caused by the delay; 4) the private
> interests of and burden on the defendants; 5) the interests of the courts; and 6) the
> public interest.

*Id.* at 99 (quoting *Trustees of Plumbers & Pipefitters Nat. Pension Fund v. Transworld Mech.,*

*Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995)). Guided by these factors, courts must conduct

"a particularized inquiry into the circumstances of, and the competing interests in, the case." *Id.*

(internal quotation omitted).

"In evaluating whether the 'interests of justice' favor such a stay, courts have generally

been concerned about the extent to which continuing the civil proceeding would unduly burden a

defendant's exercise of his rights under the Fifth Amendment," which protects individuals from

being compelled to testify against themselves in criminal matters. *Louis Vuitton Malletier S.A.*,

676 F.3d at 97. In cases involving violations of the securities laws, courts must also take into

consideration that "[e]ffective enforcement of the securities laws requires that the SEC and

Justice be able to investigate possible violations simultaneously." *SEC v. Dresser Indus.*, 628 F.2d 1368, 1377 (D.C. Cir. 1980).

Guided by these principles, and balancing the factors set forth in *Louis Vuitton*, the Court finds that the extraordinary remedy of a stay pending resolution of the criminal matter is not warranted here. However, there are other available means to accommodate many, if not all, of the concerns raised. As such, for the reasons set forth below, the Court denies the motions for a stay of this action, and pursuant to Rules 16 and 56, and the Court's inherent authority to manage this litigation, the Court modifies the briefing schedule on summary judgment.

## I. Balancing the Interests

### a. The Criminal Case, the Overlap of Issues, and Defendant's Interest

"[T]he strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." *Dresser Indus.*, 628 F.2d at 1375–76; *Louis Vuitton Malletier S.A.*, 676 F.3d at 101. The underlying reasoning here is the importance of safeguarding a defendant's Fifth Amendment rights. *See Louis Vuitton Malletier S.A.*, 676 F.3d at 101; *Dresser Indus.*, 628 F.2d at 1375–76. "Courts have noted that a civil stay is most appropriate when the defendant has already been indicted, as the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued." *S.E.C. v. One or More Unknown Purchasers of Sec. of Global Indus.*, No. 11-CV-6500, 2012 WL 5505738, at *3 (S.D.N.Y. Nov. 9, 2012) (internal quotation omitted). In fact, "[p]re-indictment requests for a stay of civil proceedings are generally denied." *U.S. Commodity Futures Trading Comm'n v. A.S. Templeton Grp.*, 297 F. Supp. 2d 531, 534 (E.D.N.Y. 2003).

Here, it is undisputed that both the criminal case and this action involve the same conduct. The instant matter has been pending since October 9, 2013. Defendants were indicted on August 28, 2015, and the criminal trial, already adjourned once, is scheduled to begin on March 29, 2016.

Given the overlap of issues and the status of the criminal case, defendants argue that they have a strong interest in the need for a stay because their Fifth Amendment rights are at stake. In addition, defendants contend that defense counsel has instructed them to refrain from submitting declarations in opposition of summary judgment. In opposition, the SEC asserts that defendants waived their Fifth Amendment rights when they failed to invoke it during their depositions and that additional declarations are not necessary given the existing deposition testimony.

Importantly here, defendants have already given depositions after the instruction from Judge Mann that they remained free to assert their Fifth Amendment privilege and that the failure to do so would forfeit that privilege. After the completion of discovery, with no outstanding requests for depositions, the risk of prejudicing defendants' Fifth Amendment rights is drastically reduced. As to the existing deposition testimony, defendants have waived their Fifth Amendment rights. *See Louis Vuitton Malletier S.A.*, 676 F.3d at 98 ("[I]f civil defendants do not elect to assert their Fifth Amendment privilege, and instead fully cooperate with discovery, their testimony . . . is likely to constitute admissions . . . in their criminal prosecution." (internal quotation marks omitted)). As to any new declarations submitted in opposition of summary judgment, defendants' testimony must be consistent with the existing deposition testimony because contradictory statements would not defeat summary judgment. *See Hayes v. New York City Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996) ("[A] party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion

that, by omission or addition, contradicts the affiant's previous deposition testimony."); *see also In re Fosamax Prod. Liab. Litig.*, 707 F.3d 189, 195 (2d Cir. 2013), *cert. denied sub nom. Secrest v. Merck, Sharp & Dohme Corp.*, 133 S. Ct. 2783 (2013) ("The timing of the testimony recanting the prior sworn testimony clearly increased the likelihood that it was intended solely to defeat the motion for summary judgment."). As such, the Court finds that the defendants' Fifth Amendment concerns, which have been paid significant consideration in this analysis, are largely, if not wholly dissipated here, and do not carry great weight as they do not raise same type of compelling concerns that often warrant a stay of a parallel civil action.

Beyond Fifth Amendment concerns, defendants cite two additional hardships they face if the case is not stayed. First, they raise the burden of defending two cases simultaneously on opposites coasts, noting the financial and resource drain, the difficulty of traveling back and forth, and the fact that the asset freeze in place limits them to two thousand dollars per month in legal fees. (Letter of Mot. to Stay (Doc. No. 277) at 2.) Although the Court acknowledges the difficulties presented, there are less extraordinary means to address these issues. Indeed, this Court has repeatedly adjusted its asset freeze at the request of defendants to release funds for necessary expenses, including attorney's fees. And the alternative remedies instituted here fully accommodate the needs of defendants and their counsel to prioritize efforts and resources in favor of the upcoming criminal trial over summary judgment briefing.

Defendants' second concern is that supporting witnesses will no longer be willing to submit declarations for fear of criminal prosecution. However, it is unclear why this concern would be any greater after defendants have been indicted than after resolution of the case. The government remains free to investigate crimes and pursue criminal prosecution against non-parties even after the completion of the relevant criminal action. Moreover, defendants have not

suggested that any witnesses have actually raised such concerns. Thus, defendants' purely speculative concerns carry little weight in the balance here.

### b. The Interest of the SEC

Courts have recognized the particular importance of the SEC's interest in civil enforcement of the securities laws. "The need to proceed with the civil action may be strong, especially where a government agency acts in the role of a civil litigant." *A.S. Templeton Grp.*, 297 F. Supp. 2d at 534. In the securities context, statutory and case law allow for both civil and criminal enforcement of such laws, concurrently or otherwise. *See id.*; *SEC v. Dresser Indus.*, 628 F.2d at 1377. "If the SEC suspects that a company has violated the securities laws, it must be able to respond quickly: it must be able to obtain relevant information concerning the alleged violation and to seek prompt judicial redress if necessary." *Dresser Indus.*, 628 F.2d at 1377.

In this case, the SEC opposes defendants' requests for a stay. The SEC has a strong interest in the prompt resolution of this action so that it may civilly enforce the securities laws and preserve assets for victims. *See SEC v. Grossman*, No. 87-cv-1031, 1987 WL 9192, at *2 (S.D.N.Y. Mar. 30, 1987) ("The SEC and the public could be substantially prejudiced by further delay because, pursuant to a stipulation between the parties, . . . civil defendants have already received funds for living expenses and attorneys' fees from otherwise frozen assets, and will presumably be in need of more funds that would otherwise go to pay a possible judgment in this case."). The goals and remedies sought through civil enforcement are quite different in type and scope from those sought through criminal prosecution, and are available through the application of wholly different standards. Given that this case has matured to the point of summary judgment, there is strong reason to resolve those motions as soon as practicable, as they could

lead to the implementation of broad civil remedies to benefit victims long before resolution of the criminal action.

The SEC has already invested considerable assets in this case, which has been pending for over two years. Fact discovery has been completed, parties and experts have been deposed, a briefing schedule has been set, and the SEC has served its motion for summary judgment. Given that defendants' concerns regarding their Fifth Amendment rights are largely attenuated, and their other issues carry little weight, on balance, the SEC's interest here weighs more heavily in the balance of factors.

### c. The Public Interest

Although courts have found that the public interest may be served equally by civil redress or criminal prosecution, there is a significant public interest in prompt resolution of securities cases. *See One or More Unknown Purchasers of Sec. of Global Indus.*, 2012 WL 5505738, at *5; Parker, 2007 WL 2462677, at *7; *Dresser Indus.*, 628 F.2d at 1377; *see also Louis Vuitton Malletier S.A.*, 676 F.3d at 103 ("Also weighing against the stay was the public's interest in prompt further protection . . . through the civil action from . . . a counterfeiting enterprise."); *A.S. Templeton Grp.*, 297 F. Supp. 2d at 535 ("The alleged victims of Defendants' actions and the public at large have a strong interest in a speedy resolution of this civil action.").

In this case, the criminal trial will commence in March 2016. Staying the case at this time would cause roughly a three month delay. *Compare Twenty First Century Corp. v. LaBianca*, 801 F. Supp. 1007, 1010 (E.D.N.Y. 1992) (finding plaintiff would "suffer minimal harm" from a delay of two months), *with Grossman*, 1987 WL 9192, at *2 ("Moreover, because the criminal proceedings against [defendant] are in a very early stage, staying this case pending completion could result in lengthy delay, and thus serious injury to the public interest.").

### d. The Court's Interest

Courts have an interest in the efficient resolution of civil cases. *Parker v. Dawson*, No. 06-CV-6191, 2007 WL 2462677, at *6 (E.D.N.Y. Aug. 27, 2007); *One or More Unknown Purchasers of Sec. of Global Indus.*, 2012 WL 5505738, at *4. While a court's interest is generally best served by prompt resolution of the cases before it, in some instances the higher burden of proof required in a related criminal matter may justify staying a civil case in order to avoid duplicative litigation. *Parker*, 2007 WL 2462677, at *6 (citing *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 204 (1990)).

Defendants argue that a stay in this case would save the Court hundreds of hours reviewing papers and evidence and that resolution of the criminal matter would likely help resolve this case. While the Court appreciates that concern, the Court has already invested over two-years of its time and resources in this action. And as the SEC maintains, the criminal matter will not narrow the legal issues and, regardless of the outcome of the criminal case, this civil case will remain. Given the length of time the civil case has been pending, the Court has a strong interest in resolving this case, both to meet the promise of Rule 1 of the Federal Rules of Civil Procedure, and, most importantly, to expeditiously determine if and where liability lies, and if appropriate, to deliver civil relief to aggrieved investors.

## II. Other Available Remedies

As noted above, a stay is an extraordinary remedy. And, after careful consideration of the *Louis Vuitton* factors, a stay pending resolution of the criminal trial is not warranted. That said, the Court has available a more tailored remedy which it will employ at this juncture of this action. Pursuant Rules 16 and 56, and its inherent power to manage its docket, the Court finds ample justification to adjust the summary judgment briefing schedule. While the stay motions

were filed some time ago, time has passed.  The parties are also closer to trial in the criminal

action, and as criminal trials are wont to go, they often get adjourned.  As such, the Court is not

prepared, and does not find ample legal grounds, to issue a blanket stay of the civil case until the

criminal trial is completed.  Moreover, the criminal case has matured, allowing the parties to

better assess whether a resolution of one or both of these actions is possible.  Beyond the

concerns related to the criminal trial, one defendant has recently raised discovery issues which

need to be resolved before the summary judgment briefing may continue, at least as to that one

defendant.  All told, these concerns bode for a pause in the briefing schedule to most effectively

manage the competing concerns of all.  The Court adjusts the briefing schedule as follows:

- Defendants' Summary Judgment Oppositions shall be filed on or before May 15, 2016.[3]

- The SEC's Reply shall be filed on or before June 15, 2016.

## CONCLUSION

For the reasons stated herein, defendants' motions to stay this case are denied, and the

summary judgment briefing schedule is modified.

SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York
      January 6, 2016

_____
ROSLYNN R. MAUSKOPF
United States District Judge

---

[3] Though not all defendants in the above captioned case have moved to stay the case, in the interest of efficiency this Order reaches all defendants who have yet to file their opposition papers, with the exception of defendants Shern and Leung, who have already filed their oppositions.  The SEC may proceed with filing all papers in connection with the motions of defendants Shern and Leung, as requested in its letter to the Court of January 4, 2016 (Doc. No. 306).