UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,                            MEMORANDUM AND ORDER
                                                      13-CV-5584 (RRM) (RLM)
    -against-

CKB168 HOLDINGS LTD., et al.,

        Defendants.
------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

On January 20, 2016, Magistrate Judge Roanne L. Mann issued a discovery order denying defendant "Mao's request that the Court strike the declarations of Harry Lee and Kelvin Chen from the SEC's summary judgment papers and preclude the SEC from calling the declarants to testify at trial, or, in the alternative, reopen fact discovery to allow defendant Mao to depose them." (Minute Order, Jan. 20, 2016 (Doc. No. 333) at 1.) Mao has moved, pursuant to Federal Rule of Civil Procedure 72(a), to vacate Judge Mann's discovery order denying her request and for this Court to grant her underlying motion. (Mem. Opp'n (Doc. No. 339).) For the reasons that follow, Mao's motion is denied.

**STANDARD OF REVIEW**

Pre-trial discovery matters are considered non-dispositive decisions governed by Federal Rule of Civil Procedure ("Rule") 72(a) and the Federal Magistrate Act, 28 U.S.C. § 636(b)(1)(A). *See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). Under Rule 72(a), when a magistrate judge rules on a non-dispositive matter, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed .R. Civ. P. 72(a). "Under the clearly erroneous standard of review of Rule 72(a), the magistrate judge's findings should not be rejected merely

1

because the court would have decided the matter differently. Rather, the district court must affirm the decision of the magistrate judge unless the district court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Cendant Mortg. Corp. v. Saxon Nat'l Mortg.*, 492 F. Supp. 2d 119, 124 (E.D.N.Y. 2007) (citation omitted). Under the "contrary to law" standard of review, "a magistrate judge's decision is contrary to law only where it runs counter to controlling authority." *Pall Corp. v. Entegris, Inc.*, 655 F. Supp. 2d 169, 172 (E.D.N.Y. 2008) (citation omitted). "Pursuant to this highly deferential standard of review, magistrate judges are thus afforded broad discretion in resolving discovery disputes . . . [and] a party seeking to overturn a discovery order bears a heavy burden." *Garcia v. Benjamin Grp. Entm't Inc.*, 800 F. Supp. 2d 399, 403 (E.D.N.Y. 2011) (internal citations omitted).

## DISCUSSION[1]

Before the Court is defendant Mao's objection to Judge Mann's denial of Mao's motion to preclude the SEC's use of testimony from witnesses Kelvin Chen, Mao's business partner, and Harry Lee, Mao's relative, or, in the alternative, to reopen discovery so that Mao may depose Chen and Lee. Mao argues that Judge Mann "failed to consider all of the relevant facts" and "misapplied the standards set forth in [Federal Rule of Civil Procedure] 26 and 37," respectively governing the timing of discovery disclosures and preclusion for untimely disclosures.[2] (Mem. Opp'n at 13.)

---

[1] The Court assumes the parties' familiarity with its prior rulings and the history of this case.

[2] Mao further argues that "these errors are exacerbated by the fact that the Magistrate denied counsel's request to brief the issues even though counsel informed the Magistrate that all of the relevant facts and legal authorities had not been presented to the Court." (Mem. Opp'n at 13.) Because Mao's Rule 72(a) motion has afforded her the opportunity to fully brief the relevant facts and legal authorities, the Court does not address this argument.

### I. The Timing of the SEC's Disclosure

Rule 26(a)(1) imposes an obligation on each party to, "without awaiting a discovery request, provide to the other parties" the name and available contact information "of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). Parties are "also under an affirmative duty to supplement incomplete or incorrect disclosures with later-acquired information that has not otherwise been made known to its opponent during discovery." *Alfano v. Nat'l Geographic Channel*, No. 06-CV-3511, 2007 WL 2982757, at *1 (E.D.N.Y. Oct. 5, 2007).[3]

In this case, Judge Mann fixed December 19, 2014 as the deadline for the completion of fact discovery. (Minute Entry, Jan. 17, 2014 (Doc. No. 116).) The SEC produced information obtained from Kelvin Chen, Mao's business partner, and Harry Lee, Mao's relative, in November 2014 and disclosed its intent to use them as witnesses in December 2014. These disclosures were made within the discovery period.

Though the SEC had contact with Chen and Lee significantly earlier than November 2014, it did not determine until late 2014 that it intended to use them as witnesses. Chen and Lee were two of hundreds of investors, all of whom had information relevant to the instant case. As stated by Judge Mann "there may have been thousands of individuals with relevant information. . . . [T]he issue is when the disclosing party became aware that they were likely to have discoverable information that the disclosing party may use." (Tr., Jan. 20, 2016 ("Tr.") (Doc.

---

[3] A party's relationship with a potential witness does not negate the opposing party's disclosure obligation. It is therefore irrelevant that Mao was familiar with Chen, her real estate business partner, and Lee, her relative, prior to the SEC's disclosure. "Plaintiff's knowledge of the existence of a potential witness does not satisfy the Rule 26(a)(1)(A) disclosure obligation; that obligation is fulfilled only when Defendants inform Plaintiff that they might call the witness in support of their claims or defenses." *Degelman Indus. Ltd. v. Pro-Tech Welding & Fabrication, Inc.*, No. 06-CV-6346, 2011 WL 6754059, at *2 (W.D.N.Y. June 8, 2011), *report and recommendation adopted,* No. 06-CV-6346T, 2011 WL 6752565 (W.D.N.Y. Dec. 23, 2011).

No. 334) at 6.) According to the SEC, it had not narrowed down the individuals it intended to use against Mao until late 2014, after settlement negotiations had failed. (SEC's Reply (Doc. No. 342) at 6.) While Judge Mann found that this timing was "unfortunate," she did not explicitly find that the SEC violated Rule 26. (Tr. at 25.)

The Court agrees with Judge Mann that the "timing of the disclosures [wa]s unfortunate." (*Id.*) The belief that a case may settle does not relieve a party of its discovery obligations. *Luft v. Crown Publishers, Inc.*, 906 F.2d 862, 866 (2d Cir. 1990) ("[T]he desire to settle, though laudable, does not excuse a deliberate failure to comply with the express orders of the court."). However, it is unclear to what extent the SEC's failure to identify witnesses before November 2014 was due to its expectation of settlement rather than the sheer number of potential witnesses with relevant information. While the Court might classify this as a Rule 26 violation, it cannot say that a decision otherwise is contrary to law. Especially here where the SEC did, in fact, identify Chen and Lee as the witnesses it would use against Mao and disclose its intent to use them within the discovery period.

## II. Preclusion is Not Warranted

Judge Mann found that, even had the SEC violated Rule 26, "[u]nder the circumstances[,] . . . any disclosure violation was [not] prejudicial" and preclusion was not warranted. (Tr. at 26.) The Court agrees.

Pursuant to Rule 37(c)(1), if "a party fails to provide information . . . required by Rule 26(a) . . . , the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Despite the mandatory language of this Rule, the determination of whether or not to preclude the use of such information is discretionary and need not be imposed even where there is no substantial

4

justification for the failure to disclose and such failure is not harmless. *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 297 (2d Cir. 2006). "This Rule is designed to prevent the 'sandbagging' of an opposing party with new evidence." *Pal v. New York Univ.*, No. 06-CV-5892, 2008 WL 2627614, at *3 (S.D.N.Y. June 30, 2008); *see also Ehrlich v. Inc. Vill. of Sea Cliff*, No. 04-CV-4025, 2007 WL 1593223, at *2 (E.D.N.Y. June 1, 2007). "In determining whether to impose sanctions for late disclosures, a court should consider '(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance.'" *Pal*, 2008 WL 2627614, at *3 (quoting *Patterson v. Balsamico*, 440 F. 3d 104, 117 (2d Cir. 2006)).

The SEC's explanation for its late disclosure – that it failed to identify Chen and Lee as its witnesses due to ongoing settlement negotiations – weighs in favor of Mao. As stated above, the expectation of settlement does not excuse a party from its discovery and disclosure obligations. *Luft*, 906 F.2d at 866. On the other hand, as Judge Mann noted, there were numerous potential witnesses that the SEC had to consider in order to select those that it would use against Mao. (*See* Tr. at 6.) The SEC ultimately did narrow down those potential witnesses to Chen and Lee, and it did so during the discovery period. However, Mao was left with only ten days to depose Chen and Lee. Where discovery would have to be reopened to afford a party the opportunity to depose additional witnesses, the late disclosure cannot be considered harmless. *Pal*, 2008 WL 2627614, at *4. Likewise, the importance of the testimony of the precluded witnesses also weighs in favor of Mao. As raised by Mao, Chen and Lee are the sole witnesses whose testimony is cited in the SEC's pending summary judgment motion.

The final two *Balsamico* factors – the prejudice suffered by Mao as a result of the additional witnesses and the possibility of a continuance – weigh in favor of the SEC. The Court has difficulty finding that Mao suffered prejudice as a result of the late admission given that discovery was open at the time of the admission. As stated by Judge Mann, "even assuming this was a belated disclosure . . . [t]here was ten days left to the discovery period. At that point, if defendant wanted to take their depositions, either they should have been subpoenaed . . . or an application should have been made to the Court to extend discovery so that they could be subpoenaed." (Tr. at 13.) While ten days may not have been enough time to notice and schedule two depositions, it certainly was enough time to begin the process and request additional time to complete it. Moreover, Judge Mann was under the impression that the December 2014 disclosures were the first instance that Mao had heard Chen and Lee may have relevant evidence against her. However, the parties have since clarified that the SEC produced evidence in connection with Chen and Lee the previous month.

Along the same lines, because Mao made no effort to secure the depositions of Chen or Lee "at an appropriately early date," the possibility of a continuance weighs in favor of the SEC. *Pal*, 2008 WL 2627614, at *6 (finding that in the absence of a showing that a party made efforts to secure evidence "at an appropriately early date," such party "should not be permitted to upset a discovery schedule"). The SEC produced information obtained from Chen and Lee in November 2014 and disclosed its intent to use them as witnesses in December 2014, yet Mao did not seek leave to depose them until December 2015. Though the briefing schedule has been extended, the SEC's motion for summary judgment is currently pending and discovery has been closed for over a year. Mao's year-long delay before seeking such depositions does not persuade the Court that she should be permitted to reopen discovery.

Balancing these factors, preclusion is not warranted. As stated above, the purpose of Rule 37(c)(1) is to prevent "sandbagging" a party with new evidence. *Pal*, 2008 WL 2627614, at *3; *Ehrlich*, 2007 WL 1593223, at *2. That is not the case here. The SEC made disclosure within the discovery period of its intent to use the testimony of her business partner and her relative. Accordingly, the Court affirms Judge Mann's oral discovery order and denies Mao's request to reopen discovery.

## CONCLUSION

For the reasons set forth above, Mao's motion pursuant to Rule 72(a) is DENIED.

SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York
      May 10, 2016      _____
                                                ROSLYNN R. MAUSKOPF
                                                United States District Judge