UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | 13-cv-5584 (RRM)(RLM) |
| | : | |
| CKB168 HOLDINGS LTD., ET AL. | : | |
| | : | |
| *Defendants*, | : | |
| | : | |
| -  AND  - | : | |
| | : | |
| ROSANNA LS INC., ET AL. | : | |
| | : | |
| *Relief Defendants.* | : | |

**[PROPOSED] JUDGMENT AS TO DEFENDANT TONI TONG CHEN**

The Securities and Exchange Commission (the "SEC" or "Commission") having filed a

Complaint, and Defendant Toni Tong Chen ("Defendant") having entered a general appearance;

consented to the Court's jurisdiction over Defendant and the subject matter of this action;

consented to entry of this Judgment; waived findings of fact and conclusions of law; and waived

any right to appeal from this Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is

permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the

Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5

promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

interstate commerce, or of the mails, or of any facility of any national securities exchange, in

connection with the purchase or sale of any security:

    (a)      to employ any device, scheme, or artifice to defraud;

    (b)      to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)      to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)      to employ any device, scheme, or artifice to defraud;

    (b)      to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

2

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)     Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the

registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)], by using any means or instrumentality of interstate commerce, or of the mails, to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless registered with the Commission as a broker or dealer or associated with a broker or dealer registered with the Commission.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

V.

4

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from directly or indirectly, including, but not limited to, through any entity owned or controlled by Defendant, offering, operating, or participating in any marketing or sales program involving a security, including but not limited to a program in which a participant is compensated or promised compensation solely or primarily (1) for inducing another person to become a participant in the program, or (2) if such induced person induces another to become a participant in the program.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable, jointly and severally with Defendant Heywood Chang and Relief Defendants HTC Consulting LLC and Arcadia Business Consulting Inc., for disgorgement of $1,955,521.25, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $146,428.56, for a total of $2,101,949.81. Defendant shall satisfy this obligation by paying $2,101,949.81 to the Commission within 240 days after entry of this Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard

5

Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; Defendant Toni Chen as a defendant in this action; and specifying that payment is

made pursuant to this Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case

identifying information to the Commission's counsel in this action. By making this payment,

Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part

of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment

interest by moving for civil contempt (and/or through other collection procedures authorized by

law) at any time after 180 days following entry of this Judgment. Defendant shall pay post

judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission

shall hold the funds, together with any interest and income earned thereon (collectively, the

"Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's

approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund

provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain

jurisdiction over the administration of any distribution of the Fund. If the Commission staff

determines that the Fund will not be distributed, the Commission shall send the funds paid

pursuant to this Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be

paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the

government for all purposes, including all tax purposes. To preserve the deterrent effect of the

6

civil penalty, Defendant shall not, after offset or reduction of any award of compensatory

damages in any Related Investor Action based on Defendant's payment of disgorgement in this

action, argue that she is entitled to, nor shall she further benefit by, offset or reduction of such

compensatory damages award by the amount of any part of Defendant's payment of a civil

penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such

a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty

Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset

to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall

not be deemed an additional civil penalty and shall not be deemed to change the amount of the

civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor

Action" means a private damages action brought against Defendant by or on behalf of one or

more investors based on substantially the same facts as alleged in the Complaint in this action.

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

shall pay a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and

Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].  The Court shall determine the

amounts of the civil penalty upon motion of the Commission.  In connection with the

Commission's motion for civil penalties, and at any hearing held on such a motion: (a)

Defendant will be precluded from arguing that Defendant did not violate the federal securities

laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or

this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall

be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised

in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or

7

investigative testimony, and documentary evidence, without regard to the standards for summary

judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with

the Commission's motion for civil penalties, the parties may take discovery, including discovery

from appropriate non-parties.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

incorporated herein with the same force and effect as if fully set forth herein, and that Defendant

shall comply with all of the undertakings and agreements set forth therein, including, but not

limited to, the undertakings to:

(a)      Within 14 days after entry of the Judgment, provide counsel for the Commission a

sworn financial statement, including a complete list of all assets currently held directly or

indirectly by or for the benefit of Defendant, including, but not limited to, bank accounts,

brokerage accounts, investments, business interests, real property, and personal property worth

over $1,000, whether located within or outside the jurisdiction of this Court ("Chen Assets");

(b)      Except as expressly permitted in the Judgment, to maintain, preserve, and protect

all Chen Assets from disposition, transfer, pledge, encumbrance, assignment, dissipation,

concealment, or other disposal;

(c)      Within 21 days after entry of the Judgment, repatriate any and all Chen Assets

located outside the territorial limits of the United States to the jurisdiction of the Court;

(d)      Within 28 days after entry of the Judgment, effectuate transfer to the Commission

of any and all Chen Assets held at any financial or brokerage institution, including all funds held

in escrow for her benefit by her attorney, to be applied to the Judgment entered against

8

Defendant.  However, Defendant is not required to transfer to the Commission those funds held in the bank account ending in 1684, which is held at East West Bank;

      (e)     Within 180 days after entry of the Judgment, except as described in seciont VIII.(f)  below, to make good faith efforts to effectuate the sale of each Chen Asset to a bona fide purchaser for a fair value.  With respect to any Chen Asset constituting real property, Defendant shall be required to obtain the approval of counsel for the Commission prior to any such sale.  Defendant agrees that she shall sign any documents necessary to evidence the Commission's interest in the Chen Assets, including, but not limited to, any liens, deeds, or mortgages;

      (f)     Within 240 days after entry of the Judgment, to make good faith efforts to effectuate the sale of the real property located at 823 East Newmark Avenue, Unit E, Monterey Park, CA 91755 to a bona fide purchaser for a fair value.  Defendant shall be required to obtain the approval of counsel for the Commission prior to any such sale;

      (g)     Within 5 days of the closing of the sale of any Chen Asset, to deliver the sale proceeds (after reasonable costs/expenses, mortgages, and bona fide liens) to the Commission to be applied to the Judgment entered against Defendant; and

      (h)     Within 60 days after entry of the Judgment, and every 60 days thereafter, Defendant shall certify in writing to counsel for the Commission, Defendant's compliance with the undertakings set forth above, identifying the undertaking and providing a narrative and exhibits sufficient to demonstrate compliance.  Defendant shall respond to reasonable requests for additional information and materials, if deemed necessary by counsel for the Commission.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

XI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: _June 29_ , 2016

s/Roslynn R. Mauskopf
_____
UNITED STATES DISTRICT JUDGE