UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

                                          ORDER
        - against -                         13-CV-5584 (RRM) (RLM)

CKB168 HOLDINGS, LTD., et al.,

                Defendants.
-------------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

       Plaintiff Securities and Exchange Commission ("SEC") moved for an Order directing

defendant Wen Chen Hwang, a/k/a Wendy Lee ("Lee"), to show cause why she should not be held

in civil contempt and sanctioned for knowingly violating court orders. (Am. Mot. for Sanctions

(Doc. No. 294).) By Order entered November 18, 2015, this Court referred that motion to the

assigned Magistrate Judge, the Honorable Roanne L. Mann, for a Report and Recommendation. On

February 12, 2016, Judge Mann issued a Report and Recommendation ("R&R") finding that Lee

violated this Court's orders, and set a date for objections by the parties. (R&R (Doc. No. 341).) To

date, no party has filed any objection to the R&R.

## I.     Lee's Contempt

       On October 9, 2013, the SEC obtained an *ex parte* temporary restraining order ("TRO")

against all defendants which froze defendants' assets, required defendants to provide a verified

written accounting within a fixed time period, and required defendants to repatriate all tainted

assets. (TRO (Doc. No. 12) at 4–7.) On November 19, 2013, this Court converted the TRO into a

preliminary injunction ("PI"), on consent, and permitted Lee and other defendants to access funds in

a fixed amount per month for reasonable living expenses and attorneys' fees during the pendency of

the case. (PI (Doc. No. 71).)

In October and November 2013, Lee produced two accounting statements, both of which disclosed bank accounts in the United States, but no assets or accounts outside of the United States. In 2015, through discovery produced by Lee's co-defendants, the SEC obtained electronic communications between Lee and CKB investors, in which Lee directed investors to transfer money into two bank accounts in Taiwan held in the name of Lee's older brother. In October 2015, the SEC informed Lee that her failure to disclose the Taiwanese accounts constituted a violation of the PI. Lee subsequently failed to produce records pertaining to those accounts. The instant motion followed.

On November 18, 2015, Judge Mann ordered Lee to show cause in writing why she should not be found in contempt and sanctioned. (Order to Show Cause (Doc. No. 296).) In response, Lee filed an opposition to the SEC's motion and cross-moved to modify the asset freeze entered against her. (Mem. Opp'n (Doc. No. 298).) Lee, currently incarcerated in connection with a related criminal case, argued that the foreign accounts identified by the SEC were never subject to the TRO or PI, that the SEC has produced no evidence that CKB investors ever actually wired money into the accounts, and that her continued incarceration and failure to post bail demonstrates her lack of control over the accounts. (*Id.* at 3–4, 6–7, 9.) Lee additionally moved to modify the PI to allow her to sell one of her properties to secure the $500,000 bond to release her from custody. (*Id.* at 3.)

On February 12, 2016, Judge Mann issued an R&R finding, by clear and convincing evidence, that Lee violated the PI by failing to disclose in her verified accounting statements two bank accounts in Taiwan into which allegedly tainted assets had been transferred, and also by failing to repatriate those assets. (R&R at 2.) Judge Mann recommended that Lee be held in civil contempt and that her cross-motion to modify the PI be denied. (*Id.* at 2.) For the reasons set forth in Judge Mann's R&R, this Court agrees.

## II.    Contempt Sanctions

"Upon a finding of civil contempt, a district court may impose judicial sanctions 'as a remedial measure to compensate a civil complainant.'" *S.E.C. v. Mattera*, No. 11-CV-8323 (PKC), 2012 WL 4450999, at *13 (S.D.N.Y. Sept. 26, 2012) (quoting *In re Grand Jury Witness,* 835 F.2d 437, 441 (2d Cir. 1987)).  "The Court has 'broad discretion to fashion an appropriate coercive remedy . . . based on the nature of the harm and the probable effect of alternative sanctions.'" *Id.* (quoting *EEOC v. Local 28 Sheet Metal Workers Int'l Ass'n*, 247 F.3d 333, 336 (2d Cir. 2001)).  In exercising its broad discretion, the Court considers: "(1) the character and magnitude of the harm threatened by the continued contumacy; (2) the probable effectiveness of any suggested sanction in bringing about compliance; and (3) the contemnor's financial resources and the consequent seriousness of the burden of the sanction upon him." *Dole Fresh Fruit Co. v. United Banana Co.*, 821 F.2d 106, 110 (2d Cir. 1987); *see also S.E.C. v. Durante*, No. 01-CV-9056 (DAB), 2013 WL 6800226, at *14 (S.D.N.Y. Dec. 19, 2013), *report and recommendation adopted,* 2014 WL 5041843 (S.D.N.Y. Sept. 25, 2014), *aff'd,* No. 14-CV-4394, 2016 WL 877846 (2d Cir. Mar. 8, 2016).

Here, the SEC requests that as a sanction for Lee's contempt, the Court revoke the $2,500 per month stipend for living expenses and refuse to grant any further modification to the PI until she has documented, restored, and repatriated the previously undisclosed assets, thereby purging her contempt.  (Am. Mot. for Sanctions at 10.)  Though Lee would again be able to access frozen assets if she purges her contempt, the SEC's proposed sanctions are significant.  Lee remains incarcerated pending trial in the Central District of California, as she is unable to post the required bond. Without modification of the PI, Lee may not sell a specific, requested California property, purchased years prior to her involvement in the CKB scheme, which would allow her to post bond.

The Court finds that this penalty alone is severe. This restriction coupled with the reduction of her monthly living expense stipend from $2,500 to $1,000 is an appropriate sanction.

Lee's continued non-compliance with the Court's PI threatens dissipation of tainted funds. While the SEC does not seek Lee's detention, the inability to modify the PI's asset freeze in order to sell certain property effectively prevents Lee's release from custody. "It is a widely-held and long standing principle that detention as a means of coercing compliance with the court's order [i]s an option well within the district court's inherent authority." *Close-Up Int'l, Inc. v. Berov*, 474 F. App'x 790, 795 (2d Cir. 2012). In considering the seriousness of the burden of this sanction, the Court notes that Lee's finances have been supplemented by "loans" from her brother and that her living expenses are presumably reduced while incarcerated. (Mem. Opp'n at 10 (commenting that the removal of Lee's living expense stipend would be an issue "were she to get out [of custody]").) Accordingly, the Court finds the restriction on modification of the PI and the reduction of Lee's monthly living expenses stipend to be an appropriate sanction.

## CONCLUSION

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, the Court has reviewed the R&R for clear error and, finding none, concurs with the R&R in its entirety. *See Covey v. Simonton*, 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007).

Accordingly, it is hereby ORDERED that the R&R (Doc. No. 341) is adopted. It is further

ORDERED that Lee is prohibited from obtaining modification of the PI against her and her living expense stipend shall be reduced to $1,000 per month until she has purged her contempt by documenting, restoring, and repatriating previously undisclosed assets.

SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York
      September 28, 2016

_____
ROSLYNN R. MAUSKOPF
United States District Judge