UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

    v.

CKB168 HOLDINGS, LTD., et al.,

    Defendants,

    - and -

ROSANNA LS INC., et al.

    Relief Defendants.

**FINAL JUDGMENT**
13-cv-5584 (HG)

**HECTOR GONZALEZ**, United States District Judge:

Before the Court is the Securities and Exchange Commission's (the "SEC" or the "Commission") Motion for a Final Judgment pursuant to Fed R. Civ. P. 54.  ECF No. 460.

This matter comes before the Court after judgments have been entered against CKB168 Holdings, Ltd., WIN168 Biz Solutions Ltd., CKB168 Ltd., CKB168 Biz Solution, Inc., Cyber Kids Best Education Ltd. (collectively, the "Entity Defendants"), Rayla Melchor Santos, Hung Wai Shern, Rui Ling Leung, Daliang Guo, Yao Lin, and Joan Congyi Ma (collectively referred to as the "Promoter Defendants") and against Relief Defendants Rosanna LS Inc. and Ouni International Trading Inc. (collectively, "Relief Defendants").  The Entity Defendants, Promoter Defendants, and Relief Defendants are collectively referred to herein as "Defendants."

On July 10, 2015, the Court entered judgment on all claims against Santos, who admitted liability.  ECF No 252 ("Santos Order").  The Santos Order enjoined her from violating securities laws and from participating, directly or indirectly, "in any marketing or sales program

involving a security." *Id.* ¶ 2. The Santos Order also stated that the Court would, at a later date and on a motion by the SEC, order disgorgement, prejudgment interest, and a civil penalty. *Id.* ¶ 3. On July 29, 2015, the Clerk of Court entered a default against the Entity Defendants. On September 28, 2016, the Court granted the SEC's Motion for Summary Judgment on all claims against Shern, Leung, Guo, Lin and Ma, and the additional defendants not subject to this Final Judgment. ECF No. 363 ("Summary Judgment"). On August 12, 2022, the Court entered an order granting a permanent injunction and other sanctions against Defendants. ECF No. 466.

**I. Injunction Against Further Violations of Section 10(b) and Rule 10b-5 of the Exchange Act**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants WIN168 Biz Solutions Ltd., CKB168 Holdings, Ltd., CKB168 Ltd., CKB168 Biz Solution, Inc., Cyber Kids Best Education Ltd., Shern, Leung, Guo, Lin and Ma are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would

operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (i) the above Defendants' officers, agents, servants, employees, and attorneys; and (ii) other persons in active concert or participation with the above Defendants or with anyone described in (i).

## II. Injunction Against Further Violations of Section 17(a) of the Securities Act

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants WIN168 Biz Solutions Ltd., CKB168 Holdings, Ltd., CKB168 Ltd., CKB168 Biz Solution, Inc., Cyber Kids Best Education Ltd., Shern, Leung, Guo, Lin and Ma are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (i) the above Defendants' officers, agents, servants, employees, and attorneys; and (ii) other persons in active

concert or participation with the above Defendants or with anyone described in (i).

### III. Injunction Against Further Violations of Section 5 of the Securities Act

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that CKB168 Holdings, Ltd., WIN168 Biz Solutions Ltd., CKB168 Ltd., CKB168 Biz Solution, Inc., Cyber Kids Best Education Ltd., Shern, Leung, Guo, Lin, and Ma are permanently restrained and enjoined from violating Section 5 of the Securities Act, 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order, stop order, or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (i) the above

Defendants' officers, agents, servants, employees, and attorneys; and (ii) other persons in active concert or participation with the above Defendants or with anyone described in (i).

**IV.     Injunction Against Further Violations of Section 15(a) of the Exchange Act**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Shern, Guo, Lin, and Ma are permanently restrained and enjoined from violating Section 15(a) of the Exchange Act, 15 U.S.C. § 78o(a), by using any means or instrumentality of interstate commerce, or of the mails, to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless registered with the Commission as a broker or dealer or associated with a broker or dealer registered with the Commission.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (i) the above Defendants' officers, agents, servants, employees, and attorneys; and (ii) other persons in active concert or participation with the above Defendants or with anyone described in (i).

**V.     Conduct-Based Injunction**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Shern, Leung, Guo, Lin, and Ma are permanently restrained and enjoined from directly or indirectly, including, but not limited to, through any entity owned or controlled by any of the above Defendants, offering, operating, or participating in any marketing or sales program involving a security, including but not limited to a program in which a participant is compensated or promised compensation solely or primarily:  (1) for inducing another person to become a participant in the program, or (2) if such induced person induces another to become a

participant in the program.

### VI. Disgorgement, Prejudgment Interest and Civil Penalties to Be Paid

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants CKB168 Holdings Ltd., WIN168 Biz Solutions Ltd., CKB168 Ltd., CKB168 Biz Solution, Inc., Cyber Kids Best Education Ltd., Shern, and Leung are jointly and severally liable for disgorgement of $137,238,985, representing net proceeds gained as a result of the conduct set forth in the Complaint and the Summary Judgment, together with prejudgment interest in the amount of $41,510,560, for a total of $178,749,545.  Pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act, Defendants are liable for penalties in the following amounts:

- CKB168 Holdings Ltd.:  $775,000
- WIN168 Biz Solution Ltd.:  $775,000
- CKB168 Ltd.:  $775,000
- CKB168 Biz Solution, Inc.:  $775,000
- Cyber Kids Best Education, Ltd.:  $775,000
- Shern:  $13,700,000
- Leung:  $13,700,000

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Guo and Relief Defendant Rosanna LS Inc. are jointly and severally liable for disgorgement of $3,979,867, representing net proceeds gained as a result of the conduct set forth in the Complaint and the Summary Judgment, together with prejudgment interest in the amount of $1,153,784, for a total of $5,133,651.  Guo shall pay no penalty.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

Lin and Relief Defendant Ouni International Trading Inc. are jointly and severally liable for disgorgement of $1,893,114, representing net proceeds gained as a result of the conduct set forth in the Complaint and the Summary Judgment, together with prejudgment interest in the amount of $466,201, for a total of $2,359,315.  Pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act, Lin is liable for a penalty in the following amount: $1,893,114.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Ma is liable for disgorgement of $975,274, representing net proceeds gained as a result of the conduct set forth in the Complaint and the Summary Judgment.  Pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act, Ma is liable for a penalty in the following amount:  $975,274.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Santos is liable for disgorgement of $667,231, representing net proceeds gained as a result of the conduct set forth in the Complaint and the Santos Order, together with prejudgment interest in the amount of $216,449, for a total of $883,680.  Pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act, Santos is liable for a penalty in the following amount: $160,000.

Defendants and/or Relief Defendants shall satisfy these obligations by paying the SEC within 30 days after entry of this Final Judgment the amounts described above.

Defendants and/or Relief Defendants may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendants and/or Relief Defendants may also pay

by certified check, bank cashier's check, or United States postal money order payable to the SEC, which shall be delivered or mailed to:

>Enterprise Services Center
>Accounts Receivable Branch
>6500 South MacArthur Boulevard
>Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; name of the Defendant making payment as a Defendant in this action, or name of the Relief Defendant making payment as a Relief Defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants and/or Relief Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action. By making this payment, Defendants and/or Relief Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants and/or Relief Defendants.

The SEC may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 30 days following entry of this Final Judgment. Defendants and/or Relief Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The SEC shall hold the funds, together with any interest and income earned thereon (collectively, the "Fair Fund"), pending further order of the Court.

The SEC may propose a plan to distribute the Fair Fund subject to the Court's approval. Such a plan may provide that the Fair Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fair Fund. If the SEC staff

determines that the Fair Fund will not be distributed, the SEC shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on the Defendants' payment of disgorgement in this action, argue that he or she is entitled to, nor shall he or she further benefit by, offset or reduction of such compensatory damages award by the amount of any part of a Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the SEC's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the SEC directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against a Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the current orders freezing the assets of Defendants and Relief Defendants shall be lifted to the extent necessary so that Defendants and Relief Defendants may make the payments ordered in this Final Judgment.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk of Court is ordered to enter this Final Judgment forthwith and without further notice.

    SO ORDERED.

                                                            */s/ Hector Gonzalez*
                                                            HECTOR GONZALEZ
                                                            United States District Judge

Dated: Brooklyn, New York
        August 12, 2022